IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL CONTRERAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-099-Z-BR |
| | § | |
| POTTER COUNTY SHERIFF, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On April 20, 2020, petitioner Michael Contreras ("Contreras"), an inmate at the Potter County Detention Center, submitted correspondence to this Court which was filed of record as a federal *Petition for a Writ of Habeas Corpus*.   (ECF No. 3). By his petition, Contreras argues his is being detained unlawfully on pending state court charges, based on claims of actual innocence.

On April 22, 2020, the undersigned United States Magistrate Judge entered an Order directing Contreras to submit a properly completed federal habeas petition on the form provided to petitioner by the Clerk's office. (ECF No. 5). The undersigned ordered Contreras to file his form petition within twenty-one (21) days from the date of the Order. *Id.* Contreras was specifically warned that his failure to timely comply with the Order could result in the dismissal of this case without further notice. *Id.* Contreras filed two documents in response to the Court's order, but failed to submit the form as required. (ECF Nos. 6–7).

On May 21, 2020, the undersigned United States Magistrate Judge entered an Order to Show Cause Why Case Should Not Be Dismissed, giving Contreras an additional twenty-one (21) days to explain his reasons for his failure to comply with the Court's prior order. (ECF No. 8). On June 3, 2020, Contreras filed a Response to the Show Cause Order, making various claims regarding his

access to the courts. (ECF No. 9). In order to ensure that Contreras was not denied the ability to comply with the Court's orders, the Court ordered a preliminary response to be filed by the respondent. (ECF No. 10). On July 6, 2020, the respondent filed the preliminary response, along with attachments, showing Contreras had full access to the courts and the ability to comply with the Court's prior orders. (ECF No. 11). Contreras thereafter filed two motions (for counsel and a hearing), which the Court denied by separate order, and additional correspondence to the Court. (ECF Nos. 13–16). Contreras has still made no attempt to comply with the Court's prior orders. The Court has given Contreras ample opportunity to comply with its orders, yet Contreras has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Although a dismissal without prejudice may serve to operate as a dismissal with prejudice if the statute of limitations is in question, it does not appear from Contreras's petition that his challenge to his pretrial confinement based on actual innocence is subject to a limitations period in this instance. *See Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). Even so, the Court finds that lesser sanctions than dismissal without prejudice in this instance were not effective. Specifically, Contreras was given explicit warnings that dismissal would result for failure to comply with the Court's prior order, and was given additional opportunity to show why he failed to comply. (ECF Nos. 5, 8).

Contreras is in direct disregard of the Court's April 22, 2020 Order. The undersigned finds the failure to comply with an Order of the Court warrants dismissal. Accordingly, Contreras's habeas application should be dismissed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner MICHAEL CONTRERAS be DISMISSED without prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 18, 2020.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).